UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                               :

AMAURY URENA,                                 :

                       Plaintiff,             :

                       -v-                    :               25 Civ. 512 (JPC) (GS)

                                         :

THE CITY OF NEW YORK, *et al.*,        :         <u>ORDER ADOPTING</u>
                                       :         <u>REPORT AND</u>
                      Defendants.       :     <u>RECOMMENDATION</u>

                                         :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

Plaintiff Amaury Urena brings this action alleging that he was subjected to excessive force by correction officers while detained at Rikers Island.  Dkt. 1.  On January 6, 2026, the Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss Plaintiff's claims as barred by the terms of the Stipulation of Settlement and General Release that he signed on November 1, 2024, resolving another case that he brought in this District.  Dkt. 39 ("R&R") at 3-4, 16; *see Urena v. City of New York*, No. 22 Civ. 4679 (RA) (S.D.N.Y.).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no

objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.,*

*Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil

Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service

of the Report and Recommendation to file any objections, and warned that a failure to file timely

objections would preclude appellate review.  R&R at 17; *see* Fed. R. Civ. P. 6(d) (adding three

days to situations "[w]hen a party must act within a specified time after being served" and service

is made by mail).  On January 7, 2026, the Clerk of Court mailed the Report and Recommendation

to Plaintiff at Rikers Island.  Docket Entry, Jan. 7, 2026 (Mailing Receipt).  On January 27, 2026,

after learning that Plaintiff had been transferred from Rikers Island to Elmira Correctional Facility,

the Court directed the Clerk of Court to mail the Report and Recommendation to Plaintiff at Elmira

and extended Plaintiff's time to object to February 13, 2026.  Dkt. 42 ("January 27 Order"); *see*

Docket Entry Jan. 28, 2026 (Mailing Receipt).[1]  On February 13, 2026, after Plaintiff still had not

filed any objection, the Court again extended Plaintiff's deadline, this time to February 27, 2026,

and ordered that the Report and Recommendation be sent to Plaintiff at Elmira and the Attica

Correctional Facility, where the Court believed Plaintiff might be incarcerated based on the

"Incarcerated Lookup" database of the New York State Department of Corrections and

Community Supervision.  Dkt. 43 ("February 13 Order"); *see* Docket Entry, Feb. 13, 2026

(Mailing Receipt).  In both Orders, the Court reminded Plaintiff of his obligation to inform the

---

[1] It appears that, due to a clerical error, the Clerk of Court did not mail the Report and Recommendation to Plaintiff on January 28, 2026, but mailed him only the January 27 Order, which referenced the Report and Recommendation and directed its mailing.  Docket Entry, Jan. 28, 2026 (Mailing Receipt).  In any event, the Report and Recommendation was mailed to Plaintiff on February 13, 2026, along with the February 13 Order, the January 27 Order, and another prior order in this case.  Docket Entry, Feb. 13, 2026 (Mailing Receipt).

Court of any change of his address for service.  *See* February 13 Order at 2; January 27 Order at 1.

No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.  Accordingly, the Court adopts the Report and Recommendation in its entirety and dismisses this case with prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated: March 3, 2026
      New York, New York

                    JOHN P. CRONAN
               United States District Judge